UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR, | No. 2:15-cv-0305 TLN DAD PS |
| Plaintiff, | |
| v. | ORDER |
| KIRELL FRANCIS BETTIS TRUST, c/o Kirell Taylor, | |
| Defendant. | |

Plaintiff Kirell Taylor, a state prisoner, is proceeding pro se in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). In addition, a $50.00 general administrative fee for civil cases must also be paid. 28 U.S.C. § 1914(b). The court may authorize the commencement of an action "without prepayment of fees . . . by a person who submits an affidavit" showing that he is unable to pay such fees. 28 U.S.C. § 1915(a). Plaintiff, has neither paid the required filing fees nor submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

/////

/////

1

Moreover, the federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis. Known as the "three strikes" rule, 28 U.S.C. § 1915(g)[1] provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this regard, the court's records reveal that in a prior action it was determined that plaintiff had on 3 or more prior occasions while incarcerated brought actions dismissed as frivolous, malicious, or as failing to state a claim upon which relief may be granted. See Taylor v. Chiu, No. 1:11-cv-1374 AWI JLT, 2012 WL 394105, at *1 (E.D. Cal. Feb. 6, 2012) ("After review of Plaintiff's application to proceed in forma pauperis, the Court determined that Plaintiff had accrued 'three strikes' pursuant to 29 U.S.C. 1915(g)").[2] Therefore, plaintiff is precluded

---

[1] Title 28 U.S.C. § 1915(g) applies to the complaint filed in this action even though it is not a civil rights complaint challenging the conditions of petitioner's confinement. United States v. Jones, 215 F.3d 467, 469 (4th Cir. 2000) ("Although we are aware that Congress primarily targeted prisoner civil rights cases in enacting the filing fee provision of the PLRA . . . the text of the Act is not limited to such actions."); see also Lefkowitz v. Citi-Equity Group, Inc., 146 F.3d 609, 612 (8th Cir. 1998) ("under the plain language of the statute, the phrase 'civil action or appeal' is not limited to challenges to conditions of confinement"); Lopez v. California Men's Colony, No. CV 12-10941 DMG (PJW), 2013 WL 4763646, at *3 (C.D. Cal. Aug. 30, 2013) ("Plaintiff is cautioned that, if he accumulates three strikes, he will be barred from bringing any further actions in federal court without prepaying the filing fee, unless he can establish that he is in imminent danger of serious harm"); Vandenburgh v. Solano County, No. CV-08-863 EFS, 2008 WL 5412359, at *3 (E.D. Cal. Dec. 30, 2008) ("Pursuant to 28 U.S.C. § 1915(g), a prisoner who brings three (3) or more civil actions or appeals that are dismissed because they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis unless the prisoner is under imminent danger of serious physical injury.").

[2] "Of the cases the Court previously determined were 'strikes' or actions dismissed as frivolous or for failure to state a claim, the Court cited: (1) Bettis v. Paulson, CV 09-1544-UA-CT (C.D. Cal.); (2) Bettis v. Blackstone, 1:08-cv-01561-AWI-GSA (E.D. Cal.); and (3) Taylor v. U.S. Department of State, 1:10-cv1892-LJO-JLT (E.D. Cal.)." Taylor v. Chiu, No.1:11-cv-1374 AWI JLT, 2012 WL 394105, at *1 (E.D. Cal. Feb. 6, 2012). The undersigned has reviewed the cases cited above and finds that they were dismissed because they were frivolous, malicious or failed to state a claim, as was too the case of Bettis v. Tillie-Moore, No. 2:09-cv-0788 UA CT (C.D. Cal).

1  from proceeding in forma pauperis unless he can demonstrate that he is under imminent danger of
2  serious physical harm.  See 28 U.S.C. § 1915(g).

3      The court has reviewed plaintiff's complaint and finds that he has not alleged that he is in
4  imminent danger of serious physical harm.  In this regard, plaintiff's complaint alleges that the
5  grantor of a trust created by plaintiff has taken "possession, custody, and control of [an] eight
6  hundred and fifty billion dollar instrument" belonging to plaintiff.  (Compl. (Dkt. No. 1) at 4.)
7  Although the complaint also makes vague and conclusory allegations concerning plaintiff being
8  in "imminent danger" of contracting Valley Fever, "[e]ven a liberal reading of the allegations
9  throughout the complaint cannot transform their true nature into allegations concerning imminent
10  danger of contracting Valley Fever, and the Court finds the inclusion of this vague allegation to
11  be a transparent attempt to avoid paying the filing fee after suffering three strikes under §
12  1915(g)."  Taylor v. Chiu, No.1:11-cv-1374 AWI JLT, 2012 WL 394105, at *2 (E.D. Cal. Feb. 6,
13  2012).

14      Therefore, plaintiff may only proceed with this action if he pays the required filing fees in
15  full.  Accordingly, the court will grant plaintiff thirty days leave to pay the filing fee.  Plaintiff is
16  cautioned that failure to pay the filing fee in full will result in the dismissal of this action.

17      For the reasons set forth above, IT IS HEREBY ORDERED that plaintiff shall pay the
18  required filing fee in full within thirty days of the date of this order or this action will be
19  dismissed without prejudice.

20  Dated: May 18, 2015

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

23  DAD:6
Ddad1\orders.pro se\taylor0305.3strikes.ord.docx