UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL FRANCIS TAYLOR, | No. 2:15-cv-0305 TLN AC PS (TEMP) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| KIRELL FRANCIS BETTIS TRUST, c/o Kirell Taylor, | |
| Defendant. | |

Plaintiff Kirell Taylor, a state prisoner, is proceeding pro se in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On May 19, 2015, the previously assigned Magistrate Judge issued an order, ordering plaintiff to pay the required filing fee in full within thirty days. (ECF No. 11.) That order also warned plaintiff that the failure to pay the required filing fee would result in the dismissal of this action without prejudice. On June 23, 2015, plaintiff filed a motion seeking a ninety-day extension of time to comply with the May 19, 2015 order. (ECF No. 16.) The previously assigned Magistrate Judge granted plaintiff's motion on July 12, 2015. (ECF No. 17.)

On August 31, 2015, plaintiff filed a motion seeking a further extension of time, this time to November 23, 2015, to comply with the May 19, 2015 order. (ECF No. 20.) Therein, plaintiff

1

1  stated that he anticipated a "refund in the amount of $51,389,800,000.00 to be mailed to plaintiff
2  TAYLOR and deposited on plaintiff TAYLOR's inmate trust account."  (Id. at 2.)  On September
3  21, 2015, plaintiff filed a letter stating that he "will certainly have the full $400 filing fee posted
4  within the next 60 days at the latest."  (ECF. No. 24 at 1.)  The previously assigned Magistrate
5  Judge granted plaintiff's August 31, 2015 motion for an extension of time on September 23,
6  2015.  (ECF No. 25.)

7  On November 6, 2015, this matter was reassigned from the previously assigned
8  Magistrate Judge to the undersigned.  Despite being granted multiple extensions of time, plaintiff
9  has failed to comply with the court's May 19, 2015 order.[1]

## ANALYSIS

11  The factors to be weighed in determining whether to dismiss a case for lack of prosecution
12  are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need
13  to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring
14  disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of
15  El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
16  1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that
17  should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d
18  at 1260.

19  Failure of a party to comply with the any order of the court "may be grounds for
20  imposition by the Court of any and all sanctions authorized by statute or Rule or within the
21  inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself
22  without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local
23  Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable
24  rules and law may be grounds for dismissal or any other sanction appropriate under the Local
25  Rules.  Id.

26  /////

---

[1] On January 4, 2016, plaintiff filed an IRS Form 8886 which indicated that "Kirell Francis Bettis Trust" earned "$999,999,999.00" in interest income in 2015.  (ECF No. 29 at 3.)

Here, plaintiff has failed to pay the required filing fee as required by the court's May 19, 2015 order. Plaintiff has repeatedly been given extension of time to comply with that order and has failed to do so. The court's May 19, 2015 order specifically warned plaintiff that the failure to pay the required filing fee would result in a recommendation that this matter be dismissed without prejudice.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to comply with the court's order and prosecute this action makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute and failure to comply with the court's orders.[2] See FED. R. CIV. P. 41(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's February 5, 2015 complaint (ECF No. 1) be dismissed without prejudice;

2) Plaintiff's April 20, 2015 motion for audit (ECF No. 10) and June 15, 2015 application to judicially notice eligible obligation (ECF No. 13) be denied without prejudice as having been rendered moot; and

3) This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within

---

[2] In light of this recommendation, the undersigned will also recommend that plaintiff's April 20, 2015 motion for "Audit of State of California's Records," (ECF No. 10 at 1), and June 15, 2015 application to judicially notice "Eligible Obligation (Bond)," (ECF No. 13 at1), be denied without prejudice as having been rendered moot.

1 the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst,
2 951 F.2d 1153 (9th Cir. 1991).
3 DATED: January 20, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE